# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

UNITED STATES OF AMERICA,       )
                                )
    Plaintiff,       )
                                )
v.                              )    No. 3:14-00173
                                )    Senior Judge Haynes
                                )
SHERROD BURNETT,                )
                                )
    Defendant.       )

## MEMORANDUM

Before the Court are Defendant's motion to dismiss indictment and set preliminary hearing (Docket Entry No. 26) and Defendant's pro se motions for "writ to remove defense counsel, object and strike" (Docket Entry No. 31), for "notice of hearing and petition for writ of habeas corpus" (Docket Entry No. 32), and for writ to strike (Docket Entry No. 35), to which the Government responded (Docket Entry No. 34). Defendant contends that he was entitled to a preliminary hearing before the Government was able to obtain Defendant's indictment. Defendant also contends, in essence, that he is not subject to the laws of the United States or the jurisdiction of this Court. In response, the Government contends that the Court possesses subject matter jurisdiction and that Defendant does not have a constitutional right to a preliminary hearing.

### A. Review of the Record

On September 17, 2014, a federal criminal complaint was filed charging Defendant with being a previously convicted felon in possession of a firearm. (Docket Entry No. 1, Complaint). On September 22, 2014, Defendant was arrested, appeared for his initial appearance and was appointed counsel. (Docket Entry Nos. 4-8). The magistrate judge set a detention and preliminary hearing that

was reset twice at Defendant's request. (Docket Entry Nos. 9-11). On October 10, 2014, prior to the swearing in of any witnesses, Defendant submitted two documents entitled "Affidavits of Fact" and "Writ of Discovery," challenging the Court's jurisdiction in this criminal matter, that were denied by the magistrate judge. (Docket Entry Nos. 12-14). Defendant subsequently requested to proceed pro se, but this request was denied by the magistrate judge. The magistrate judge then granted Defendant's request to stay the proceedings so that he could appeal to the district court. Id. On October 22, 2014, a federal grand jury indicted Defendant for being a previously convicted felon in possession of a firearm and ammunition. (Docket Entry No. 15).

On October 29, 2014, Defendant's counsel filed a motion to revoke the magistrate judge's order regarding Defendant's right to self-representation. (Docket Entry No. 18). This Court remanded the action to the magistrate judge for an inquiry under United States v. Williams, 641 F.3d 758, 766-67 (6th Cir. 2004) to determine Defendant's ability to represent himself. (Docket Entry No. 19). On December 1, 2014, the magistrate judge conducted a Williams hearing and determined that Defendant was competent to represent himself and to proceed in all further matters pro se. (Docket Entry No. 28).

On December 2, 2014, this Court conducted a status conference whereby Defendant requested the assistance of a "second chair" to aid in the filing of pleadings in this matter. The Court granted Defendant's request and appointed defense counsel to assist Defendant in such matters. (Docket Entry No. 30).

### B. Conclusions of Law

Defendant, in his pro se filings, contends that the Court lacks jurisdiction over him in this criminal cation. In support, Defendant submits "Affidavits of Fact" entitled "The Moorish National

Republic Federal Government Northwest Africa. The Moorish Divine and National Movement of the World." (Docket Entry No. 31-2 at 7). The document further sets forth: "I, Sherrod Burnett Bey Sr., the executive of SHERROD BURNETT the corporation have no lawfully binding contract with THE METROPOLITAN GOVERNMENT OF NASHVILLE, AND DAVIDSON COUNTY nor any agents. Nor do I have any contract with the corporate District Court, nor the United States." Id. Defendant further states:

-For The Record-

I do not wish to enter into any "Pleas nor Agreements" of any kind and Motion this Court or Request for the removal of any agreement made (Mispleading). But rather, motion this Court for "Dismissal" on the grounds that there are "No Injured Party Nor A STATEMENT BY AN INJURED PARTY.

-For The Record-

I CHALLENGE "THE STATE AND FEDERAL" JURISDICTION.

Id. at 9-10.

Federal district courts have original jurisdiction over all offenses against the laws of the United States. 18 U.S.C. § 3231. "Subject-matter jurisdiction in every federal criminal prosecution comes from 18 U.S.C. § 3231, and there can be no doubt that Article III permits Congress to assign federal criminal prosecutions to federal courts. That's the beginning and the end of the 'jurisdictional' inquiry." Hugi v. United States, 164 F.3d 378, 380 (7th Cir.1999). This Court undisputedly has subject matter jurisdiction over Defendant's indictment for violations of 18 U.S.C. § 922(g)(1).

As to Defendant's self-asserted "Moorish" nationality, Defendant's biographical information recorded by the United States Marshals Service reflects that Defendant was born in Poplarsville,

Mississippi. (Docket Entry No. 34-1). Further, the so-called "Moorish citizen" theory has been consistently rejected by federal courts as lacking merit. See United States v. Burris, 231 Fed. Appx. 281 (4th Cir.2007); United States v. Roberson, 207 Fed. Appx. 642 (7th Cir.2006); United States v. Stokes, No. 3:12-CR-00566, 2013 WL 2387763, at *2 (N.D. Ohio May 30, 2013); Jackson–El v. State and Federal Plaintiffs in General, 2011 WL 1584606 (W.D. Mich. 2011). This theory is also akin to the theory that a defendant is a "sovereign citizen" and a "natural person" and therefore not subject to the laws of the United States or the jurisdiction of a district court that has been rejected by the Sixth Circuit. See United States v. McCaskill, No. 01-2708, 48 Fed.Appx. 961 (6th Cir. Oct. 21, 2002) (collecting cases); see also United States v. Schneider, 910 F.2d 1569, 1570 (7th Cir. 1990); United States v. Hilgeford, 7 F.3d 1340, 1342 (7th Cir. 1993).

Moreover, Defendant has not offered proof to establish that he has voluntarily relinquished or renounced his citizenship under Section 349(a)(5) of the Immigration and Nationality Act, 8 U.S.C. § 1481(a)(5). In any event, aliens residing in this country must also abide by obedience to the laws of the United States. Leonard v. Ely, 151 F.2d 409, 410 (10th Cir.1945); Stokes, 2013 WL 2387763, at *3; Carter v. Smith, No. 06-CV-11927, 2007 WL 325358, at *2 (E.D. Mich. Jan 31, 2007). Accordingly, Defendant's claim lacks merit.

Defendant also contends that the magistrate judge's adjournment of the preliminary hearing to allow Defendant to appeal the denial of his Sixth Amendment right to represent himself provided the Government with the opportunity to obtain an indictment without having to proceed with a preliminary hearing. Thus, to return Defendant back to the status quo, Defendant seeks dismissal of the indictment and for the magistrate judge to reconvene the preliminary hearing.

Federal Rule of Criminal Procedure 5.1(a)(2) provides that "[i]f a defendant is charged with an offense other than a petty offense, a magistrate judge must conduct a preliminary hearing unless ... the defendant is indicted." Yet, under Sixth Circuit precedent, "'there is no denial of due process where a person is indicted by the Grand Jury without having a preliminary examination. There is no constitutional requirement for such an examination.'" United States v. Mulligan, 520 F.2d 1327, 1329 (6th Cir.1975) (citation omitted). "Although . . . a preliminary hearing may as a practical matter provide a defendant with an irreplaceable opportunity for discovery, a defendant has no absolute right to these ancillary benefits." United States v. Woods, 544 F.2d 242, 249 (6th Cir. 1976); see id. ("For example, in Mulligan we held that defendants, who wanted to cross-examine a key government witness prior to trial, suffered no prejudice when their preliminary hearing was continued to permit the government to obtain a grand jury indictment in the interim.") .

Defendant attempts to distinguish Mulligan by arguing that Mulligan involved due process concerns, not violations under the Sixth Amendment, and also that in this case the preliminary hearing had started when it was adjourned for Defendant to appeal. The Court, however, finds Defendant's argument unavailing.

Here, the preliminary hearing was continued twice at Defendant's request prior to the October 10, 2014 hearing. At the October 10, 2014 hearing, no witnesses were sworn or evidence presented before adjournment to allow Defendant to appeal the magistrate judge's ruling regarding Defendant's right to self-representation. Defendant was indicted while he was appealing the magistrate's decision. The Federal Rules of Criminal Procedure were properly followed, and Defendant's subsequent indictment rendered the preliminary hearing unnecessary under Rule 5.1(a)(2).

Further, the Mulligan Court, citing Spinelli v. United States, 382 F.2d 871, 887 (8th Cir. 1967), rev'd on other grounds, 393 U.S. 410 (1969), explained that the purpose of the preliminary hearing "is to protect innocent persons from languishing in jail on totally baseless accusations." 502 F.2d at 1330. In Spinelli, the Court stated:

> Though the preliminary hearing provided for in Rule 5(c)[1] may be a practical tool for discovery by the accused, the only legal justification for its existence is to protect innocent accuseds from languishing in jail on totally baseless accusations. Therefore, before the accused may be held for grand jury presentment Rule 5(c) requires the government to justify its incarceration by proving in a preliminary hearing before a judicial officer that there is probable cause to believe the accused committed the charged offense. Barrett v. United States, 270 F.2d 772, 775 (8 Cir. 1959). If the grand jury returns a true bill prior to the time a preliminary hearing is held, the whole purpose and justification of the preliminary hearing has been satisfied. Vincent v. United States, 337 F.2d 891 (8 Cir. 1964), cert. denied 380 U.S. 988, 85 S.Ct. 1363, 14 L.Ed.2d 281. Action by a grand jury in returning the indictment brings formal charges against the accused and thus supersedes the complaint procedure and eliminates the necessity of a preliminary hearing. Jaben v. United States, 381 U.S. 214, 85 S.Ct. 1365, 14 L.Ed.2d 345 (1965).

> Appellant admits that the Commissioner has authority to grant continuances, but argues that to grant a continuance for the purpose of obtaining an indictment is

---

[1]A prior version of Rule 5(c) of the Federal Rules Criminal Procedure provided:

Preliminary Examination. The defendant shall not be called upon to plead. If the defendant waives preliminary examination, the commissioner shall forthwith hold him to answer in the district court. If the defendant does not waive examination, the commissioner shall hear the evidence within a reasonable time. The defendant may cross-examine witnesses against him and may introduce evidence in his own behalf. If from the evidence it appears to the commissioner that there is probable cause to believe that an offense has been committed and that the defendant has committed it, the commissioner shall forthwith hold him to answer in the district court; otherwise the commissioner shall discharge him. The commissioner shall admit the defendant to bail as provided in these rules. After concluding the proceeding the commissioner shall transmit forthwith to the clerk of the district court all papers in the proceeding and any bail taken by him.

Fed. R. Crim. P. 5(c) (1966). This rule is, in essence, now embodied in Fed. R. Crim. P. 5.1(c)-(f) (2009).

contrary to the spirit of the rules. This very question was answered to the contrary in <u>Byrnes v. United States</u>, 327 F.2d 825, 834 (9 Cir. 1964), <u>cert. denied</u> 377 U.S. 970, 84 S.Ct. 1652, 12 L.Ed.2d 739. That case held the reason behind the government's request for a continuance was speculation. Even so, the grant of a week continuance even for the purpose of allowing grand jury indictment was not improper absent a showing of legal prejudice. In the same light, we do not see anything inherently inequitable with continuing a preliminary hearing for a short period of time to allow intervening grand jury action. Though appellant might well have enjoyed the discovery benefits that flow from a preliminary hearing, he has no absolute right to these benefits if the underlying purpose of the preliminary hearing is supplanted.

<u>Spinelli</u>, 382 F.2d at 887; <u>United States v. Stith</u>, 479 F.2d 315, 316-17 (8th Cir. 1973).

Thus, because Defendant did not have a constitutional right to a preliminary hearing and the indictment satisfied "the whole purpose and justification of the preliminary hearing," the Court concludes that Defendant's motion to dismiss indictment and set preliminary hearing should be denied.

### C. Conclusion

Accordingly, for these reasons, the Court concludes that Defendant's <u>pro se</u> motions for "writ to remove defense counsel, object and strike" (Docket Entry No. 31) and for "notice of hearing and petition for writ of habeas corpus" (Docket Entry No. 32) and Defendant's motion to dismiss indictment and set preliminary hearing (Docket Entry No. 26) should be denied, and Defendant's <u>pro se</u> motion for writ to strike (Docket Entry No. 35) should be denied as moot.

An appropriate Order is filed herewith.

**ENTERED** this the _20_ day of April, 2015.

WILLIAM J. HAYNES, JR.
Senior United States District Judge